FILED ___ LODGED
___ RECEIVED
MAY 02 2016
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

Judge Ronald B. Leighton

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> CHANITA D. MCINTOSH, <br><br> Defendant. | NO. 15-5405 RBL <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, Michael Dion and Amy Jaquette, Assistant United States Attorneys for said District, CHANITA D. MCINTOSH, and Defendant's attorney, Zenon Olbertz, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

    a. Possession with Intent to Distribute Methamphetamine, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering Defendant's guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.  **Elements**. The elements of Possession with Intent to Distribute Methamphetamine, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), are as follows:

> First, Defendant knowingly possessed methamphetamine; and
>
> Second, Defendant possessed the methamphetamine with the intent to distribute it to another person.

3.  **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

    a.  For the offense of Possession with Intent to Distribute, as charged in Count 1: A maximum term of imprisonment of up to forty (40) years and a mandatory minimum term of imprisonment of five (5) years, a fine of up to $5,000,000.00, a period of supervision following release from prison of at least four years, and a mandatory special assessment of $100.00 dollars. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

4. **Forfeiture Of Contraband.** Defendant also agrees that if any law enforcement agency seized any firearms or other illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the administrative forfeiture, official use, and/or destruction of said firearms or contraband by any law enforcement agency involved in the seizure of these items.

5. **Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that in order to invoke the statutory sentence for the drug offense charged in Count 1, the United States must prove beyond a reasonable doubt that the offense charged in this count involved more than fifty (50) grams or more of a mixture or substance containing methamphetamine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense charged in Count 1 involved more than fifty (50) grams or more of a mixture or substance containing methamphetamine.

6. **Drug Offenses - Program Eligibility.** Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of Defendant's peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

8.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

    a. On April 17, 2015, Defendant arranged to pick up approximately four pounds of methamphetamine from an associate in Oregon for transport to the Tacoma area. As planned, the associate parked a vehicle in a specified location, with the keys under the floor mat. When Defendant arrived and attempted to enter the vehicle, Oregon State Police arrested Defendant. Defendant had a loaded .25 caliber pistol in her waistband and approximately $6,976.00 in her purse.

    b. After her release, Defendant traveled to Tacoma and eventually began staying at the Days Inn located at 6802 Tacoma Mall Boulevard, Tacoma, Washington.

    c. On July 21, 2015, officers executed a search warrant at Defendant's hotel room at the Days Inn. During the execution of this warrant, officers searched Defendant's purse. Inside the purse, Defendant had approximately 440.2 grams of methamphetamine, 74.1 grams of heroin, 5.5

grams of black tar heroin, 30.6 grams of Phencyclidine (PCP), and five (5) 12 gauge shotgun shells.

   d. Elsewhere in the hotel room, Defendant had a digital scale and $2042.00 in U.S. Currency.

   e. Defendant knowingly possessed the methamphetamine recovered on July 21, 2015 with the intent to distribute it to another person.

10. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253) 428-3800

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw Defendant's guilty plea solely because of the sentence imposed by the Court.

11. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

  a. A base offense level of 32, pursuant to U.S.S.G. § 2D1.1, because the offense involved between 1.5 kilograms and 5 kilograms of a mixture or substance containing methamphetamine.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13. **Sentencing Recommendation**. The government will recommend a sentence no greater than 84 months (seven years). The defendant is not bound by the government's recommendation and may recommend whatever she chooses. The Court is not bound by any recommendation regarding the sentence to be imposed, and may impose any sentence up to the maximum term authorized by law. Except as otherwise

provided in this plea agreement, the government is free to present arguments regarding any other aspect of sentencing.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses – other than crimes of violence (including but not limited to kidnapping, unlawful imprisonment, assault, and homicide) – known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.

In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

  a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

  b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter Defendant's plea of guilty.

18. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//
//
//
//
//

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253) 428-3800

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of May, 2016.

_____
CHANITA D. MCINTOSH
Defendant

_____
ZENON OLBERTZ
Attorney for Defendant

_____
AMY JAQUETTE
Assistant United States Attorney

_____
MICHAEL DION /by ACJ
Assistant United States Attorney

Plea Agreement / Chanita D. McIntosh - 10

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WA 98402
(253) 428-3800